FILED
SUPERIOR COURT
OF GUAM

2019 JUL 16 PM 3: 32

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| MAHO K. QUINENE and RAMON J. QUINENE,<br><br>Plaintiffs,<br><br>v.<br><br>YUSUKE IMAZU, LEAP CORPORATION, and LEAP PUBLICATION,<br><br>Defendants. | CIVIL CASE NO. CV0204-17<br><br><br>**DECISION AND ORDER RE: DISCOVERY ISSUES** |

## INTRODUCTION

This matter has been referred to the Honorable Benjamin C. Sison Jr. as an appointed Discovery Master. A Motion Hearing was held on June 14, 2019, after which several discovery matters were taken under advisement. Attorney Jeffrey A. Cook represents Plaintiffs Maho K. Quinene and Ramon J. Quinene and Counterclaim Defendant Ohasu Projects, LLC. Attorney Carlos L. Taitano represents Defendant Yusuke Imazu. Attorney Gary W.F. Gumataotao represents Defendants Leap Corporation and Leap Publication, Inc. Having reviewed the evidence and the arguments presented, the Court issues the following Decision and Order resolving the discovery disputes in this case.

## BACKGROUND

Plaintiffs Maho K. Quinene and Ramon J. Quinene (hereinafter referred to collectively as "Plaintiffs" or "Maho" or "Ramon" individually) filed a Complaint for Damages and Accounting, naming Yusuke Imazu (referred to as "Imazu"), Leap Corporation, and Leap Publication, Inc. (hereinafter collectively referred to as "Leap") as Defendants. In their Complaint, Plaintiffs allege they, along with Imazu, formed Leap with Imazu to be the majority shareholder in both companies. The Complaint however alleges that Imazu was made the

majority shareholder in both companies solely as a matter of convenience to the benefit of the parties because the parties believed this would support Imazu's E-Visa application. The true intent of the parties, Plaintiffs allege, was for Plaintiffs and Imazu to act as partners and to treat all assets, income, and obligations as if they were equal partners. Plaintiffs now claim that despite the parties agreement that the profits and assets be divided equally, Imazu is fraudulently claiming he is entitled, because of his larger corporate stock holding in Leap, to a larger share of the assets of Leap.

After stipulated extensions due to scheduling conflicts and attempted mediation, on January 10, 2018, Imazu filed an Answer to the Complaint. The same day, Leap filed their Answer and Counterclaims, naming Plaintiffs and Ohasu Projects LLC (hereinafter referred to as "Ohasu") as Counterclaim Defendants. In their Counterclaim, Leap claims Plaintiffs breached their fiduciary duties to Leap by founding Ohasu and competing against them. Leap also seeks injunctive relief, claiming the tortious actions of Plaintiffs and Ohasu continue to cripple the business of Leap.

## DISCOVERY MOTIONS

All discovery motions which are pending in this matter were initiated by Defendants Imazu or Leap (hereinafter individually or collectively referred to as "Defendants") and served upon Maho, Ramon, and/or Ohasu (hereinafter individually or collectively referred to as "Respondents"). The outstanding discovery motions are as follows:

1. Defendant Imazu's Motion to Compel/Pay Expenses, served on Counterclaim Defendant Ohasu (Sep. 24 2018).

2. Defendant Imazu's Motion to Compel/Pay Expenses, served on Plaintiff Ramon Quinene (Sep. 24 2018).

3. Defendant Imazu's Motion to Compel/Pay Expenses, served on Plaintiff Maho Quinene (Sep. 24 2018).

4. Leap Corp./Leap Publication Motion to Compel/Pay Expenses, served on Counterclaim Defendant Ohasu (Nov. 26, 2018).

5. Leap Corp./Leap Publication Motion to Compel/Pay Expenses, served on Plaintiff Ramon Quinene (Nov. 26, 2018).

6. Leap Corp./Leap Publication Motion to Compel/Pay Expenses, served on Plaintiff Maho Quinene (Nov. 26, 2018).

## I.    Insufficient Verification of Responses to Interrogatories and Request for Production of Documents

The discovery motions allege that the Responses to Interrogatories and Requests for Production of Documents submitted by Respondents are insufficient because they were not answered under oath. Rule 33(b)(1) of the Guam Rules of Civil Procedure states the following: (b) Answers and Objections. (1) Each interrogatory shall be answered separately and fully in writing **under oath**, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. (emphasis added).

The actual "Verification" by Respondents stated the following:

> I, **MAHO K. QUINENE**, President of Ohasu Projects, LLC, state that I am the Plaintiff in the above-entitled matter, that I have read the foregoing **COUNTERCLAIM DEFENDANT OHASU PROJECTS, LLC'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES** and know the contents thereof; that the same is true of my own knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true. /s/ **MAHO K. QUINENE**[.]

Defendants argue this verification does not make any affirmation of truth of any answers that would render Respondents punishable for perjury if they were to willfully assert untrue statements. Mot. to Compel at 3 (Nov. 6, 2018).

Guam law provides that whenever a matter is required or permitted to be supported by a sworn verification, the matter may be supported by an unsworn verification in writing by the person supporting the matter, as true under the penalty of perjury, dated and in substantially the following form: "I declare (or certify, verify or state) **under penalty of perjury** that the foregoing is true and correct. Executed on (date)." 6 G.C.A. § 4308. (emphasis added).

Respondents admit their oversight as to their responses to Interrogatories (but not as to the responses for Request for Production of Documents. See below.) and have agreed "to submit a revised verification that includes the accidentally omitted language that the signature is under penalty of perjury." Imazu Opp'n 1 (Oct. 22, 2018). During the Hearing on June 14, 2019, Respondents admitted that they had not yet submitted a corrected verification.

At this time, the Court rules that Respondents have thirty (30) days from the date of this order to provide sworn verifications to all Interrogatories.

## a. <u>Sanctions for Insufficient Verification of Responses to Interrogatories</u>

Defendants argue sanctions are appropriate for Respondents' willful failure to properly respond to discovery requests, despite Respondents' subsequent contention it will submit a signature under penalty of perjury regarding their responses to the interrogatories. Mot. to Compel at 3 (Nov. 26, 2018).

Rule 37(a)(4)(A) states that if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the Court shall impose sanctions "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Respondents did not agree to correct their verification mistake until after the Motion to Compel was filed. Defendants argue sanctions are mandatory whenever production is made in the face of a motion to compel. However, this argument ignores the plain language of Rule 37, which allows the Court to refuse sanctions if nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. Consequently, unless Respondents can substantially justify why they have failed to promptly correct their verification error or otherwise explain circumstances making an award of expenses unjust, the Court will impose sanctions. The Court withholds a decision on sanctions at this time, however, the Court orders Defendants to provide detailed attorney fees and costs concerning the discovery motions within thirty (30) days from the date of this order.

## b. <u>Whether "Answers" to Document Requests Must Be Made under Oath</u>

Respondents simply did not respond to certain Document Requests. Defendants argue Respondents' non-response to Document Requests Nos. 1, 7, 8, and 11 are "answers" (as opposed to "objections" or "production of documents") and therefore needed to be made under oath. Mot. to Compel at 4 (Nov. 26, 2018). Respondents however dispute Defendants' argument that any response to a request to produce documents must be under oath. Maho Opp'n 2 (Oct. 22, 2018).

Guam Rule of Civil Procedure 34, which sets forth the rules for document requests and production, does not contain any language requiring verification of objections. However,

several federal courts have held that a "non-response" to a document request must be made under oath.

"The duty to supplement as required by Rule 26 is not very clear, and it is even less clear about whether Rule 33's duty to sign a response under oath is also required for a supplement. What is clear however, is that interrogatories must be answered under oath by the party or objected to by an attorney, stating the reasons for the objection. Requests for production of documents alternatively only requires a party to sign a response under oath when the response is not a production of requested documents or an objection." Vazquez-Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 154–55 (D.P.R. 2010). This holding has been followed by other federal courts. See O'Shea v. Am. Solar Sol., Inc., No. 14CV894-L (RBB), 2016 WL 701215, at *8 (S.D. Cal. Feb. 18, 2016); Warnick v. DISH Network LLC, No. 12-CV-01952-WYD-MEH, 2013 WL 788090, at *3 (D. Colo. Mar. 1, 2013); Lutes v. Kawasaki Motors Corp., USA, No. 3:10CV1549 WWE, 2014 WL 7185469, at *1 (D. Conn. Dec. 16, 2014).

Based on the above legal authority, the Court finds that Respondents are required to respond under oath with respect to those document requests they refuse or object to producing. Respondents shall provide such verifications within thirty (30) days from the date of this order. However, because Guam law is not clear as to whether verification under oath is required with respect to objections to document request, the Court does not find Respondents failure to respond under oath to warrant sanctions at this time.

## II.    Lack of Protective Order

Respondents object to certain discovery requests on the basis that the requests are overly broad, unduly vague, burdensome and oppressive, or would reveal customer propriety information without customer's consent. Defendants argue that these blanket objections are insufficient because Respondents do not explain why or how the Requests are overly broad, unduly vague, or burdensome and oppressive. Moreover Defendants contend that Respondents should have sought a protective order from the court if Respondents truly believed that there were sufficient grounds which preclude disclosure or require limiting instructions as to the disclosed information. In response, Respondents simply counter that they are not required to seek any such protective order.

Guam Rule of Civil Procedure 26(c) governs protective orders and states that upon a motion accompanied by a certification that the movant has in good faith conferred or attempted to confer with each affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

In the case at bar, if Respondents had sought a protective order, the Court could have wholly denied the objectionable discovery request or allowed discovery with limitations on such terms and conditions as are just, to protect respondents' concerns as to the disclosure of the requested information. Because no protective order has been sought, the Court is now faced with a Motion to Compel and is forced to make a determination as to whether the requested information should either be disclosed in a normal matter or not disclosed at all. Discovery rules, including Guam Rule of Civil Procedure 34, do not specifically require a party to obtain a protective order to support its objection to a production request. However in failing to seek a

protect order, Respondents risk sanctions being imposed on them if the Motions to Compel are granted.

## III.    Discovery Requests in Dispute

In general, the disputed discovery requests regard the disclosure of financial information for individual plaintiffs Maho and Ramon Quinene, and Ohasu.

### a.    Requests for personal financial information for Respondents Maho and Ramon Quinene

The following requests to individual Plaintiffs Maho and Ramon Quinene have been disputed by Plaintiffs:

a)  Document request No. 2 – All documentary evidence of any transaction in excess of $500.00 between January 1, 2015 and January 12, 2018

b)  Document request No. 4 – All filed income tax returns since January 2015

c)  Document request No. 5 – All filed Monthly Gross Receipts, Use, and Occupancy Tax Returns since January 2015

d)  Document request No. 6 – All bank statements

e)  Document request No. 9 – All financial statements of total assets, liabilities, equity, revenues, income, expenses, dividends, distributions, or withdrawals since January 2015.

f)  Interrogatory No. 5 – Information about debt

g)  Interrogatory No. 6 – Information about ownership of money

h)  Interrogatory No. 7 – Ownership of property

i)  Interrogatory No. 8 – Any money or property being held in trust

j)  Interrogatory No. 9 – List every bank you have a relationship with

k)  Interrogatory No. 10 – State your net worth

l)  Interrogatory No. 11 – State name of every person you did any business with if transaction was worth over $500.00

In objecting to the above interrogatories, Maho and Ramon argue their personal financial information is irrelevant, and Defendants should only be able to discover financial information of Counterclaim Defendant Ohasu. Maho Opp'n 3 (Oct. 22, 2018). Maho and

Ramon further argue these requests for personal information constitute "a fishing expedition to harass [Plaintiffs] by seeking financial information that has nothing to do with Plaintiff's claims or Defendant's defenses." Id. at 4. Furthermore, Maho and Ramon argue that such requests are also unreasonably burdensome, and/or will not lead to admissible evidence at trial.

In response, Defendants argue that the requested financial disclosures are appropriate, stating that:

> "As directors or officers of Defendant Leap Corporation or Defendant Leap Publication, Inc., or as those Defendants' stockholders who have the power to do damage to those Defendants or Defendant Yusuke Imazu, the Plaintiffs, who are married to each other, directly, indirectly, expressly, or in conspiracy or by agreement, assistance, or participation with or among Plaintiffs or other persons, intentionally, arbitrarily, capriciously, tortiously, recklessly, gross negligently, negligently, maliciously, oppressively, fraudulently, or in bad faith, or in tortious breach, or continuing tortious breaches, of each of Plaintiffs' strict fiduciary duty of highest good faith, loyalty, or fair dealing to all of the Defendants, diverted, or continues to divert, the business, businesses, or business opportunities of Defendant Leap Corporation or Defendant Leap Publication, Inc. to one or both of the Plaintiffs or the Counterclaim Defendant Ohasu Projects, LLC, of which, at least, Plaintiff Maho is a member, or all of which fraudulent acts or conduct of Plaintiffs or the Counterclaim Defendant Ohasu Projects, LLC are adverse to the interests, or without the consent, of Defendant Leap Corporation, Defendant Leap Publication, Inc., or Defendant Yusuke Imazu, or all of those fraudulent acts or conduct of Plaintiffs or Counterclaim Defendant Ohasu Projects, LLC are for the profit, or to the advantage, of Plaintiffs or Counterclaim Defendant Ohasu Projects, LLC."

First Amended Answer and Counterclaims of Leap, at ¶ 10.ag (Jan. 18, 2018).

Guam Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" or "reasonably calculated to lead to the discovery of admissible evidence." In their counterclaims, Defendants allege that Plaintiffs committed fraud or deceit and breached their fiduciary obligations to Leap to the financial detriment of Defendants. The discovery requests are relevant in that the information requested would go towards whether Plaintiffs had personal dealings with potential or existing Leap customers and personally benefited financially from these transactions. The requested information also does not appear to be privileged, and is reasonably calculated to lead to the discovery of admissible evidence with respect to Defendants' counterclaims.

The Court hereby rules that Respondents have thirty (30) days from the date of this order to provide Defendants with responses to the above Interrogatories and Documents Requests regarding individual finances. Again, the Court withholds a decision on sanctions at this time, however, the Court orders Defendants to provide detailed attorney fees and costs concerning the discovery motions within thirty (30) days from the date of this order.

## IV. Requests for Financial Information of Respondent Ohasu

Defendants argue that several of Respondents' responses are insufficient, incomplete, or non-responsive.

a) Interrogatory No. 10 – State your net worth

-Defendants argue that Respondent Ohasu only provided its net *income* for 2017, and stated it would supplement for 2018. Defendants argue that providing only the information for net income is non-responsive.

b) Interrogatory No. 11 – State name of every person you did any business with if transaction was worth over $500.00

-Defendants objected because Respondent Ohasu did not itemize each person or include addresses, emails, and telephone numbers. Ohasu stated it would supplement as necessary.

c) Document request No. 3 – Each and all business licenses between January 2016 and January 2018

-Defendants claim response was incomplete in that it only included business licenses issued on June 29, 2017.

d) Document request No. 5 – All filed Monthly Gross Receipts, Use, and Occupancy Tax Returns since January 2015

-Defendants claim Respondent Ohasu did not produce Returns for, at least, January 2018 through June 2018.

e) Document request No. 6 – All bank statements

-Defendants claim Respondent Ohasu failed to include bank statements of, at least, January 11, 2017 to June 10, 2017 and January 11, 2018 to July 10, 2018.

f) <u>Document request No. 9</u> – All financial statements of total assets, liabilities, equity, revenues, income, expenses, dividends, distributions, or withdrawals since January 2015

-Defendants claim that Respondent Ohasu failed to include financial statements between January 1, 2016 and December 31, 2016 or from January 1, 2018 to August 3, 2018.

Defendants argue that Respondent Ohasu's responses to Document Requests Nos. 3, 5, 6, and 9 are insufficient, incomplete, or non-responsive and Ohasu's contentions about supplementing its responses are a delay tactic or otherwise without merit because the time to respond to discovery requests has passed. Leap Mot. at 4 (Nov. 26, 2018).

Defendants further argue that Respondent Ohasu's repeated answer that it would supplement responses in the future is a delay tactic. Imazu Response at 6. Ohasu was served with Defendant's Documents Request on June 21, 2018, and as of the hearing on June 14, 2019, Ohasu had still not yet supplemented any of its production. Ohasu claims there has been delay because the father of one of the individual plaintiff's passed away shortly before the interrogatories and documents request were served.

With respect to financial information for Ohasu, Respondents concede that such information is discoverable. However, Defendants object that while some information was provided, Ohasu's disclosures were incomplete or non-responsive and its continued failure to supplement without justification, along with the continued failure to provide verification for interrogatory requests, possibly demonstrates in intentional delay tactic on the part of Ohasu.

During the Motion Hearing, Respondents claimed that they would provide additional financial information for Ohasu. Respondents have claimed that they would do so for over a year at this point. Respondents' failure to supplement discovery necessitated Defendants' filing of motions to compel. Pursuant to Rule 37(a)(4)(A), the Court will impose sanctions "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's

nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

The Court hereby rules that Respondents have thirty (30) days from the date of this order to provide Defendants with responses to the above Interrogatories and Documents Requests regarding Ohasu's finances. Again, the Court withholds a decision on sanctions at this time. However, the Court orders Defendants to provide detailed attorney fees and costs concerning the discovery motions within thirty (30) days from the date of this order.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Defendants' Motions to Compel and orders the following to be completed within thirty (30) days of this order:

1. Respondents shall provide sworn verifications to their responses to Interrogatories
2. Respondents shall provide sworn verifications to the Document Requests they refuse or object to producing.
3. Respondents shall provide answers to the Interrogatories regarding individual finances.
4. Respondents shall provide all available documentation regarding individual finances as requested in Defendants' Document Requests.
5. Respondents shall supplement its answers to Interrogatories regarding Ohasu's finances.
6. Respondents shall supplement its documentation regarding Ohasu's finances as requested in Defendants' Document Requests.
7. Defendants shall provide detailed attorney fees and costs concerning all the discovery motions filed in this matter.

The Court withholds judgment on the issue of sanctions at this time.

SO ORDERED, this ___16___ day of ___July___ 2019.

_____
HONORABLE BENJAMIN C. SISON, JR.
Discovery Master

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
Cunliffe & Cook; Carlos Taitano; and Gary Gumataotao
Date: 7/16/19 Time: 4pm
Betty Mesa
Deputy Clerk, Superior Court of Guam